UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

OSKANA KOPCHUK,

        Plaintiff,

    v.

COUNTRYWIDE FINANCIAL
CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, RECONTRUST COMPANY;
and DOES 1-50,

        Defendants.
_____/

Civ. No. S-09-2681 FCD/GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on the motion of defendants
Countrywide Financial Corporation ("Countrywide"), Recontrust
Company, N.A. ("Recontrust"), and Mortgage Electronic
Registration System ("MERS") to dismiss plaintiff Oksana
Kopchuk's ("plaintiff") first amended complaint pursuant to
Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (Docket No.
12). Plaintiff opposes the motion. For the reasons set forth

1

below,[1] defendants' motions are GRANTED.

**BACKGROUND**

Plaintiff brings this action against defendants Countrywide, Recontrust, and MERS. (Pl.'s First Am. Compl. ("Compl."), filed Sept. 10, 2009, ¶¶ 2-4.) Plaintiff's claims are based upon a residential home loan transaction and the subsequent impending foreclosure of plaintiff's home. (Id. ¶¶ 7, 28.) Plaintiff, who is not fluent in English, bases several claims on defendants' failure to provide plaintiff with copies of documents in her native Slavic language. (Id. ¶ 9, 36.) Additionally, plaintiff alleges that defendant Countrywide acted as a "predatory lender" by misrepresenting the terms of plaintiff's loan and by failing to provide plaintiff with accurate disclosures.[2] (Id. ¶¶ 13-15.) All defendants have moved to dismiss the action for failing to state any claims upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what

---

[1]    Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

[2]    The court notes that although plaintiff is represented by different counsel, her first amended complaint is virtually identical to the first amended complaint filed in Lanin v. Wells Fargo Bank, N.A., et al., Civ. S-09-2461 FCD/DAD which this court dismissed in its entirety on similar grounds less than one month ago.

the claim is and the grounds upon which it rests." <u>Bell Atlantic</u>
<u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations
omitted). "This simplified notice pleading standard relies on
liberal discovery rules and summary judgment motions to define
disputed facts and issues and to dispose of unmeritorious
claims." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the
complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319,
322 (1972). The court is bound to give the plaintiff the benefit
of every reasonable inference to be drawn from the "well-pleaded"
allegations of the complaint. <u>Retail Clerks Int'l Ass'n v.</u>
<u>Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not
allege "'specific facts' beyond those necessary to state his
claim and the grounds showing entitlement to relief." <u>Twombly</u>,
550 U.S. at 570. "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal
conclusions cast in the form of factual allegations." <u>United</u>
<u>States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th
Cir. 1986). While Rule 8(a) does not require detailed factual
allegations, "it demands more than an unadorned, the defendant-
unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. A
pleading is insufficient if it offers mere "labels and
conclusions" or "a formulaic recitation of the elements of a
cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at
1950 ("Threadbare recitals of the elements of a cause of action,

3

supported by mere conclusory statements, do not suffice.").
Moreover, it is inappropriate to assume that the plaintiff "can
prove facts which it has not alleged or that the defendants have
violated the . . . laws in ways that have not been alleged."
<u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council
of Carpenters</u>, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which
the plaintiff has alleged "enough facts to state a claim to
relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949
(citing <u>Twombly</u>, 550 U.S. at 570). Only where a plaintiff has
failed to "nudge [his or her] claims across the line from
conceivable to plausible," is the complaint properly dismissed.
<u>Id.</u> at 1952. While the plausibility requirement is not akin to a
probability requirement, it demands more than "a sheer
possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949.
This plausibility inquiry is "a context-specific task that
requires the reviewing court to draw on its judicial experience
and common sense." <u>Id.</u> at 1950.

**ANALYSIS**

**A.   Defendants' Exhibits**

In ruling upon a motion to dismiss, the court may consider
matters which may be judicially noticed pursuant to Federal Rule
of Evidence 201. <u>See</u> <u>Mir v. Little Co. of Mary Hospital</u>, 844
F.2d 646, 649 (9th Cir. 1988); <u>Isuzu Motors Ltd. v. Consumers
Union of United States, Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D.
Cal. 1998). Rule 201 permits a court to take judicial notice of
an adjudicative fact "not subject to reasonable dispute" because
the fact is either "(1) generally known within the territorial

4

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court can take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Id. The policy concern underlying the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

Plaintiff's complaint alleges several causes of action that are premised on defendants' failure to provide the disclosures and number of copies of the Notice of Right to Cancel as required by TILA. (Compl. ¶ 39.) Defendants' Exhibits D, E, and F are a copy of a Notice of Right to Cancel, a TILA Disclosure Statement, and a document entitled "Itemization of Amount Financed," respectively. All three documents bare plaintiff's signature and plaintiff does not contest their accuracy. Accordingly, as these documents form the basis of certain causes of action, the court

5

considers them and assumes that the contents are true for the purpose of this motion to dismiss.  <u>Ritchie</u>, 342 F.3d at 908.

**B.    Violation of 15 U.S.C. § 1639(H) and HOEPA**

Plaintiff's ninth and thirteenth causes of action are based on violations of 15 U.S.C. § 1639, the Home Ownership and Equity Protection Act ("HOEPA"), which is an amendment to the Truth in Lending Act.  (Compl. ¶¶ 85, 123.)  Defendants argue that plaintiff fails to state a claim for relief under HOEPA because the loan at issue was used to purchase her primary residence, and therefore, it is not subject to the additional requirements of HOEPA.

HOEPA mandates additional disclosures to the borrower for mortgages which meet certain requirements.  15 U.S.C. § 1639. Explicitly exempted from the provisions of HOEPA are "residential mortgage transactions."  15 U.S.C. § 1602(aa)(1).  Residential mortgage transactions are, in turn, defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  15 U.S.C. § 1602(w). Plaintiff's loan meets the definition of a residential mortgage transaction.  She alleges in her complaint that she used the money which she borrowed from Countrywide to acquire the home in question and that home is her dwelling.  (Compl. ¶¶ 1, 7, 110.) Therefore, plaintiff cannot state a claim for relief under HOEPA because the loan transaction is not of the type that triggers the additional requirements of Section 1639.

6

Accordingly, defendants' motion to dismiss plaintiff's ninth and thirteenth claims for relief is GRANTED without leave to amend.

**C.    TILA**

Plaintiff's twelfth claim for relief is for a violation of TILA against defendant Countrywide.[3]  Plaintiff asserts that Countrywide underdisclosed the finance charge and annual percentage rate ("APR") of plaintiff's loan by failing to include a $957 charge in the disclosures made to plaintiff at the time of the loan.  (Compl. ¶ 111.)  Plaintiff also claims that defendant failed to provide two copies of the notice of the right to rescind, and that defendant did not properly disclose the amount financed, the finance charge, and the total of payments as required by TILA.  (Id. at ¶¶ 111-13.)

Defendant moves to dismiss on the ground that plaintiff's TILA claim is barred by the statute of limitations.  Plaintiff did not respond to defendants' argument her opposition to the motions.  However, based on plaintiff's statement in her complaint asserting she did not discover the alleged TILA disclosure violations until on or about April 15, 2009, the court will construe plaintiff's pleading as alleging that the statute of limitations should be equitably tolled.  (Compl. ¶ 111.)

---

[3]     Plaintiff is seeking both rescission and damages for the alleged TILA violations.  (Compl. ¶ 117.)  The remedy of rescission is not available for residential mortgage transactions.  See 15 U.S.C. § 1635(e).  As discussed above, plaintiff's loan meets the definition of a residential mortgage transaction and, therefore, plaintiff's only remedy under TILA is one for damages.

TILA violations include the failure to provide the required disclosures mandated by 15 U.S.C. § 1631, and the failure to clearly and conspicuously disclose information relating to the "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632.  To recover damages arising from alleged TILA violations, a plaintiff must file an action to recover damages "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  However, in certain circumstances, equitable tolling of civil damages claims brought under TILA is appropriate.  See King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  The doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit terms so that the consumer will be able to . . . avoid the uninformed use of credit."  Id. (quoting 15 U.S.C. § 1601(a)).  District courts, therefore, have the discretion to evaluate specific claims of equitable tolling and adjust the limitations period accordingly when the borrower may not have had a reasonable opportunity to discover the fraud or nondisclosures that give rise to the TILA action.  Id.

In this case, plaintiff alleges she consummated the loan on or about April 10, 2007. (Compl. ¶ 73.)  The Deed of Trust is dated that same day. (Defs.' Ex. A. to RJN, filed Dec. 17, 2009.)  Accordingly, as plaintiff did not bring the instant action until April 23, 2009, more than one year has passed since the alleged TILA violations.

To the extent that plaintiff seeks application of equitable tolling on the basis that she did not discover the disclosure errors until April 2009, plaintiff's claim fails. Plaintiff pleads no facts to explain why she could not otherwise have discovered the TILA violations at the consummation of her loan. "Such factual underpinnings are all the more important . . . since the vast majority of [plaintiff's] alleged violations under TILA are violations that are self-apparent at the consummation of the transaction." Cervantes v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 87997, at ** 13-14 (D. Ariz. 2009) (holding that equitable tolling was not appropriate when the plaintiffs simply alleged that the defendants "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure"). Moreover, here plaintiff herself, in alleging that any assignees of the loan are also liable for the TILA violations, states that the alleged violations "were apparent on the face of the disclosure statement." (Compl. ¶ 115 (quotations omitted).) Without more factual information regarding why the alleged disclosure violations were not, and could not have been, reasonably discovered until 2009, the court cannot equitably toll the statute of limitations in this case.

As such, Countrywide's motion to dismiss plaintiff's claim for violations of TILA is GRANTED.[4]

---

[4] While the court makes its determination based on the statute of limitations, the court grants plaintiff leave to amend to provide more facts as to why the allegedly incorrect disclosures were not discovered until April 2009. Additionally, the court notes that much of plaintiff's twelfth claim for relief fails to meet the pleading requirements under FRCP 8. Plaintiff claims that the disclosures she was provided inaccurately stated the amount financed, the finance charge, the annual percentage

**D.   RESPA**

Plaintiff's sixteenth claim is for violation of the Real Estate Settlement Procedures Act ("RESPA") against defendant Countrywide.  12 U.S.C. 2601 *et. seq.*  Countrywide has moved to dismiss this claim on the basis that plaintiff has failed to plead any facts which could constitute a RESPA violation.

Plaintiff has failed to state a cause of action under RESPA. Plaintiff's sixteenth cause of action lists a litany of charges including several violations of California law.  (Compl. ¶¶ 147-54.)  Plaintiff's only allegations that could constitute a possible violation of RESPA are in paragraph 140 of the complaint:

> Defendant Country[wide] violated RESPA with respect to Plaintiff's loan transaction by: (a) giving or accepting kickbacks or other things of value in violation of 12 U.S.C. § 2607(a) and 24 C.F.R. § 3500.14(b); and (b) giving a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. § 2607(b) and 24 C.F.R. § 3500.14(c).

(Compl. ¶ 140.)  Plaintiff's allegations are barren of factual support.  Plaintiff fails to state how Countrywide has given or accepted kickbacks or split fees.  Accordingly, Countrywide's motion to dismiss plaintiff's RESPA claim is GRANTED.

**E.   Quiet Title**

Plaintiff's first claim for relief is an action to quiet title against all defendants.  (Compl. ¶ 30.)  Plaintiff seeks a

---

rate, and the total of payments. However, the complaint is devoid of any factual underpinnings for these assertions; in particular, *how* the disclosures, which were provided to plaintiff at the time of closing, were inaccurate.  (<u>See</u> Defs.' Ex. E and F to RJN.)

judicial declaration that the property is vested in her alone, and that none of the defendants have any estate or interest in the property. (Id. at ¶ 35.) Defendants contend that plaintiff cannot state a claim against a lender to quiet title unless the plaintiff's debt has been paid.

In order to proceed on a claim to quiet title against a lender, the property owner must first discharge his or her debt. See Aguilar v. Bocci, 39 Cal. App. 3d 475, 477-78 (1974) (stating that the plaintiff could not clear his title without first satisfying his debt). "The cloud upon [a plaintiff's] title persists until the debt is paid." Id. citing Burns v. Hiatt, 149 Cal. 617, 620 (1906). Plaintiff does not allege that the debt has been repaid to defendants. While plaintiff contends for myriad reasons that she should not be forced to pay her debt to defendants based on defendants' actions at the time of plaintiff's purchase of her home, the requirement to state a claim to quiet title is clear: plaintiff must have repaid the debt to seek to quiet title. Id.

Accordingly, defendants' motion to dismiss plaintiff's quiet title claim is GRANTED without leave to amend.

**F.    California Civil Code § 1632**

Plaintiff's second claim for relief is based on a violation of California Civil Code § 1632. (Compl. ¶¶ 36-37.) Section 1632 provides that when certain types of contracts are negotiated in certain languages other than English, the offeree must be provided with a translated copy of the contract before the contract is executed. Cal. Civ. Code § 1632(b) (West 2009). Defendants contend that plaintiff cannot state a cause of action

11

under § 1632 because plaintiff does not speak one of the languages covered by the statute.

Section 1632(b) provides that "[a]ny person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean . . . shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated. . . ." Cal. Civ. Code § 1632(b) (West 2009). Section 1632 was originally enacted in 1976 and applied only to the Spanish language. 1974 Cal. Stat. ch. 1446. In 2003, the California Legislature passed Assembly Bill 309, which added the Chinese, Tagalog, Vietnamese, and Korean languages to the statute. 2003 Cal. Stat. ch. 330. The statute has been amended as recently as 2008. 2008 Cal. Stat. ch. 278.

Plaintiff admits that the Slavic language which she speaks is not included as a covered language under Section 1632. (Compl. ¶ 38.) However, plaintiff argues that this court should extend the statute to the Slavic language based on the overall purpose of Section 1632. (Id. at ¶¶ 38-40). Plaintiff has not provided any authority for this proposition, but contends that the Slavic language should be covered based on the large increase in Slavic speakers in California since the statute was originally enacted in 1976. (Compl. ¶ 40.)

Plaintiff's argument fails. When the statute was originally enacted in 1976, it only protected Spanish speakers. 1974 Cal. Stat. ch. 1446. It was not until 2003, and based upon information in the most recent census, that the legislature chose

12

to amend the statute to include additional languages.  2003 Cal.
Stat. ch. 330.  The legislature has amended the statute as
recently as 2008, but chose not to include the Slavic language as
a protected language under the statute.  2008 Cal. Stat. ch. 278.
The question of which languages are to be covered is a question
for the legislature, not this court.  Because plaintiff has
failed to allege that she negotiated any contract in a language
which is protected by the statute, plaintiff's claim under
Section 1632 must be dismissed.

Defendants' motion to dismiss this claim is accordingly
GRANTED without leave to amend.

**G.  Rescission Based on Fraud and Fraud**

Plaintiff's third and fourteenth claims for relief are based
on the alleged fraud of defendant Countrywide.  Plaintiff alleges
that "[d]efendant Country[wide] fraudulently, intentionally, and
knowingly induced the Plaintiff to enter into the subject
mortgage transaction by misrepresenting and/or failing to provide
material information."  (Compl. ¶ 128.)

Under California law, the elements of common law fraud are
"misrepresentation, knowledge of its falsity, intent to defraud,
justifiable reliance, and resulting damages."  Gil v. Bank of
Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006).  A court
may dismiss a claim grounded in fraud when its allegations fail
to satisfy Rule 9(b)'s heightened pleading requirements.  Vess v.
Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).
Therefore, plaintiff "must state with particularity the
circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In
other words, the plaintiff must include "the who, what, when,

13

where, and how" of the fraud. <u>Id.</u> at 1106 (citations omitted).
"The plaintiff must set forth what is false or misleading about a
statement, and why it is false." <u>Decker v. Glenfed, Inc.</u>, 42
F.3d 1541, 1548 (9th Cir. 1994).  The purpose of Rule 9(b) is to
ensure that defendants accused of the conduct specified have
adequate notice of what they are alleged to have done, so that
they may defend against the accusations.  <u>Concha v. London</u>, 62
F.3d 1493, 1502 (9th Cir. 1995).  "Without such specificity,
defendants in these cases would be put to an unfair advantage,
since at the early stages of the proceedings they could do no
more than generally deny any wrongdoing." <u>Id.</u> (citing <u>Semegen v.</u>
<u>Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985)).

Furthermore, "Rule 9(b) does not allow a complaint to merely
lump multiple defendants together but require[s] plaintiffs to
differentiate their allegations when suing more than one
defendant . . . and inform each defendant separately of the
allegations surrounding his alleged participation in the fraud."
<u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 765-66 (9th Cir. 2007).  When
asserting a fraud claim against a corporation, "the plaintiff's
burden . . . is even greater. . . . The plaintiff must 'allege
the names of the persons who made the allegedly fraudulent
representations, their authority to speak, to whom they spoke,
what they said or wrote, and when it was said or written.'"
<u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 645 (1996) (quoting
<u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2 Cal. App. 4th 153,
157 (1991)); <u>see</u> <u>also</u> <u>Edejer</u>, 2009 U.S. Dist. LEXIS 52900 at *36
(dismissing the fraud claim where the plaintiff did not allege
any misrepresentation or false statements made by the defendants;

did not allege the names of the persons who made the allegedly

fraudulent representations and their authority to speak; and did

not allege with sufficient particularity or clarity what was

false or misleading about the statements); <u>Mohammad Akhavein v.</u>

<u>Argent Mortgage Co.</u>, 2009 U.S. Dist. LEXIS 61796, at *10 (N.D.

Cal. July 17, 2009); <u>Spencer v. DHI Mortgage Co.</u>, 2009 U.S. Dist.

LEXIS 55191, at *18 (E.D. Cal. June 30, 2009) (dismissing the

plaintiff's fraud claim without leave to amend because it failed

to satisfy Rule 9(b)'s "'who, what, when, where and how'

requirements" and was so deficient as to "suggest no potential

improvement from an attempt to amend").

In the present case, plaintiff has failed to meet the

heightened pleading requirement of Rule 9(b). Specifically,

plaintiff has alleged fraud against Countrywide, which is a

corporation, but has failed to allege who actually made the

supposedly false representations or their ability to speak for

the corporation. <u>See</u> <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631,

645 (1996); <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2 Cal.

App. 4th 153, 157 (1991). For instance, plaintiff alleges that

Countrywide "intentionally failed to disclose [facts] as of April

10, 2007, and thereafter continued to keep this material

information from Plaintiff" and that Countrywide "fraudulently,

intentionally, and knowingly induced the Plaintiff to enter into

the subject mortgage transaction." (Compl. ¶¶ 52, 128.) These

allegations fail to allege which individuals purportedly failed

to make such disclosures.

Therefore, the court must GRANT Countrywide's motion to

dismiss plaintiff's claims for rescission based on fraud and

15

fraud.

## H.  RFDCPA and FDCPA Violations

Plaintiff's fourth claim for relief alleges violations of
California's Rosenthal Fair Debt Collection Practices Act
("RFDCPA"), the Federal Fair Debt Collection Practices Act
("FDCPA"), and RESPA against all defendants. (Compl. ¶ 57.)
Defendants move to dismiss this claim because plaintiff has
failed to allege any facts which could constitute a violation of
these statutes.

Plaintiff has failed to allege any facts which could
constitute unfair debt collection.  In plaintiff's opposition to
the motion she contends that defendants violated California and
federal debt collection laws by threatening to sell her property.
(Pl.'s Opp., 14:10-11.)  This claim is predicated upon
defendants' alleged violations of the RDFCPA, FDCPA, and RESPA.
(Compl. ¶ 57.)  These allegations are simply conclusions of _law_
which need not be accepted as true by this court. See United
States ex. rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
Cir. 1986).  The only allegation which plaintiff makes which
could be construed as a debt practice is defendants' threatened
foreclosure of plaintiff's home.  (Compl. ¶ 59.)  However,
"foreclosing on [a] property pursuant to a deed of trust is not
the collection of a debt within the meaning of the FDCPA."
Izenberg v. ETS Services, LLC, 589 F. Supp. 1193, 1199 (C.D. Cal.
2008) (quoting Ines v. Countrywide Home Loans, 2008 WL 4791863,
at *2 (S.D. Cal. Nov. 3, 2008)).  Nor does foreclosure meet the
requirements of a debt collection within the meaning of the
RDFCPA.  Id.

16

As such, defendants' motion to dismiss plaintiff's claims for unfair debt collection is GRANTED.

### I. Unfair Business Practices

Plaintiff's fifth claim asserts that all defendants violated Section 17200 of the California Business & Professions Code by engaging in unlawful, unfair, and fraudulent business practices. (Compl. ¶ 62.) Plaintiff predicates this claim on defendants' alleged violations of California Civil Code § 1632, RFDCPA, FDCPA, and RESPA. (Compl. ¶ 107.)

The Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." <u>People ex rel. Gallegos v. Pacific Lumber Co.</u>, 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted).

Because plaintiff's UCL claim is predicated upon defendants' alleged violations of Section 1632, RESPA, FDCPA, and RFDCPA, for the reasons set forth above, as to these claims, plaintiff's allegations regarding her UCL claim similarly fail to state a basis for relief.

Accordingly, defendants' motion to dismiss plaintiff's UCL claim is GRANTED.

### J. Breach of Fiduciary Duty

Plaintiff's sixth claim for relief, against all defendants, alleges defendants breached their fiduciary duties by allegedly failing to provide her with all disclosures required by law.

17

(Compl. ¶¶ 68-69.) Defendants move to dismiss this claim on the basis that a lending institution does not owe a fiduciary duty to a borrower.

In order to sustain a claim for breach of a fiduciary duty, "a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty and damages." <u>Serrano v. Sec. Nat'l Mortg. Co.</u>, 2009 U.S. Dist. LEXIS 71725 (S.D. Cal. Aug. 14, 2009) (citing <u>Shopoff & Cavallo LLP v. Hyon</u>, 167 Cal. App. 4th 1489, 85 Cal. Rptr.3d 268, 285 (Cal. Ct. App. 2008). "Absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." <u>Rangel v. DHI Mortgage Co., Ltd.</u>, 2009 U.S. Dist. LEXIS 65674, at *8 (E.D. Cal. July 20, 2009); <u>see</u> <u>also</u> <u>e.g.</u> <u>Tasaranta v. Homecomings Fin.</u>, 2009 U.S. Dist. LEXIS 87372, at *15 (S.D. Cal. Sept. 21, 2009); <u>Brittain v. IndyMac Bank, FSB</u>, 2009 U.S. Dist. LEXIS 84863, at * 14 (N.D. Cal. Sept. 16, 2009); <u>Dinsmore-Thomas v. Ameriprise Fin., Inc.</u>, 2009 U.S. Dist. LEXIS 68882, at *29 (C.D. Cal. Aug. 3, 2009); <u>Fox & Carskadon Financial Corp. v. San Francisco Fed. Sav. & Loan Assn.</u> 52 Cal. App. 3d 484, 488, 489 (1st Dist. 1975); <u>Bradler v. Craig</u>, 274 Cal. App. 2d 466, 473, 476 (2d Dist. 1969).

Plaintiff's claim for breach of fiduciary duty must fail because plaintiff has not alleged any facts which could create a special circumstance where the defendants, as lenders, owed a fiduciary duty to plaintiff. Plaintiff only alleges that "defendants, and each of them as the lender, trustee, mortgage broker, had[] a fiduciary duty to Plaintiff to advise her. . . ." (Compl. ¶ 68.) Under California law, this is not the type of

18

transaction which creates a fiduciary duty.  See, e.g., Rangel,
2009 U.S. Dist. LEXIS 65674, at *8.

Defendants' motion to dismiss this claim is therefore
GRANTED.

**K.    Breach of Contract**

Plaintiff's seventh claim for relief is for breach of
contract against defendant Countrywide.  (Compl. ¶ 74.)
Plaintiff alleges that defendant had a duty to provide a copy of
the contract in the Slavic language and that "[t]his failure to
disclose, was and is a breach of contract by defendant."  Id.  To
the extent that plaintiff's breach of contract claim is based on
a violation of California Civil Code § 1632 for failure to
provide a Slavic language translation of the contract, her claim
for breach of contract fails.  The court, as noted above, finds
that Countrywide had no such duty to provide a copy of the
contract in the Slavic language.  Therefore, a failure to do so
cannot be the basis of a claim for breach of contract.
Accordingly, Countrywide's motion to dismiss this claim is
GRANTED.

**L.    Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's eighth claim for relief asserts that Countrywide
breached the implied covenant of good faith and fair dealing.
Plaintiff specifically alleges that defendants collectively
breached the implied covenant of good faith when they: (1) failed
to comply with California Civil Code § 1632, requiring defendant
to provide a copy of the contract in plaintiff's Slavic language;
and (2) failed to comply with 15 U.S.C. § 1639(h).  (Compl. ¶¶
79-80.)  To the extent this court has concluded that Countrywide

19

owed plaintiff no duty under Section 1632 and plaintiff cannot properly plead a claim under section 1639(h), plaintiff's claim for breach of the implied covenant of good faith and fair dealing must also be dismissed. Defendants' motion is GRANTED as to this claim.

**M.   Wrongful Foreclosure**

Plaintiff's eleventh claim for relief is a claim for wrongful foreclosure against all defendants.[5]  The basis of plaintiff's allegation is that Countrywide has never provided the actual promissory note but only a copy. (Compl. ¶ 94.) Defendants move to dismiss this claim on the ground it is not necessary to produce the original promissory note before proceeding with a non-judicial foreclosure.

California Civil Code §§ 2924 through 29241 govern non-judicial foreclosures pursuant to a deed of trust. Non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents." Cal. Civ. Code § 2924(a)(1). Plaintiff contends that even when the deed of trust designates a party as a trustee or beneficiary and the party complies with the remaining requirements of Sections 2924 through 29241, this is not sufficient to demonstrate that a party has the power to foreclose, because the party must also provide the original promissory note. Plaintiff bases his argument, in part, on the requirements of the California Commercial Code. (Compl. ¶ 100-01.)

---

[5]    Plaintiff's complaint couches the claim as one for "unlawful" foreclosure.  The court construes this as a claim "wrongful" foreclosure.

As noted above, California's non-judicial foreclosure process is governed by a statutory framework that is distinct from the commercial code, California Civil Code §§ 2924-29241. The California Civil Code has no requirement that a party demonstrate actual possession of the promissory note. See Champlaie v. BAC Home Loans Servicing, LP, 2009 WL 3429622, at *12 (E.D. Cal. Oct. 22, 2009) (Karlton, J.) (reviewing several district court opinions and concluding that "so far as this court is aware, the district courts have unanimously concluded that in a non-judicial foreclosure, a party need not demonstrate actual possession of the underlying note"). Because plaintiff's sole allegation supporting the claim for wrongful foreclosure is that the defendants failed to produce the promissory note, plaintiff's claim fails as a matter of law. Defendants' motion to dismiss plaintiff's eleventh claim for relief for wrongful foreclosure is GRANTED.

**N.    Civil Conspiracy to Commit Fraud**

Plaintiff's fifteenth cause of action is for civil conspiracy to commit fraud against defendant Countrywide. Countrywide moves to dismiss on the ground that plaintiff has failed to allege any facts which could constitute a conspiracy. The court agrees.  One of the hallmarks of any conspiracy claim is an agreement between two or more people.  Plaintiff's conspiracy claim is directed solely at a single defendant, namely Countrywide.  Additionally, plaintiff's accusations are conclusory and totally lacking of factual support.  Plaintiff alleges that "[t]hrough their unlawful conduct constituting a civil conspiracy to defraud a vulnerable and immigrant homeowner,

defendant Country[wide] acted in a malicious, willful, wanton, and oppressive fashion, in reckless disregard of plaintiffs rights." (Compl. ¶ 134.) This allegation fails to state a single fact from which this court could conclude that the defendants' actions could possibly constitute a conspiracy to commit fraud.

Accordingly, Countrywide's motion to dismiss plaintiff's fifteenth claim for relief for civil conspiracy to commit fraud is GRANTED.

**O.    Declaratory and Injunctive Relief**

Plaintiff's tenth cause of action for declaratory and injunctive relief is based upon plaintiff's first nine causes of action which this court has dismissed. As such, plaintiff's tenth claim for declaratory and injunctive relief must also be dismissed.

**P.    Leave to Amend**

Plaintiff has requested leave to amend her complaint. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Building Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). While leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15, the court is not required to allow *futile* amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, amendment of the complaint with respect to plaintiff's first, second, ninth, and thirteenth claims for relief would be futile under the governing law described above, and plaintiff does not describe any other facts which could plausibly give rise to such

22

claims against defendants.  <u>Iqbal</u>, 129 S. Ct. at 1949.
Therefore, the court denies plaintiff leave to amend with respect
to these claims for relief.

However, as to plaintiff's remaining claims, the court
cannot find, at this juncture, that plaintiff could not allege
*any* set of facts which would support such claims for relief, and
thus, leave to amend those claims must be granted.  Fed. R. Civ.
P. 15.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is
GRANTED.  Plaintiff's first, second, ninth, and thirteenth claims
are dismissed without leave to amend.  As to all other claims,
plaintiff is granted fifteen (15) days from the date of this
order to file a second amended complaint in accordance with this
order.  Defendants are granted thirty (30) days from the date of
service of plaintiff's second amended complaint to file a
response thereto.

IT IS SO ORDERED.
DATED: March 15, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE