UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

OKSANA KOPCHUK,

        Plaintiff,

    v.

YELENA TELEGA d/b/a CALIFORNIA ALTERNATIVE REAL ESTATE & MORTGAGE COMPANY, INC.; CHL HOME LOANS, INC. d/b/a AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; et al.,

        Defendants.

NO. CIV. S-09-2681 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' motion to dismiss plaintiff's second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (Docket #25.)  By memorandum and order of March 15, 2010, the court permitted plaintiff leave to amend her first amended complaint with respect to certain claims for relief, including her federal claims for

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

relief under the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"). (Docket #19 at 7-10, 16-17.) On April 8, 2010, plaintiff filed a SAC which asserts only state law causes of action for fraud, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, civil conspiracy, violation of California Civil Code § 2923.5, violation of California Business & Professions Code § 17200, unjust enrichment, unconscionability, slander of title, and declaratory and injunctive relief. (Docket #22.)

Plaintiff's voluntary dismissal of her TILA, RESPA and FDCPA claims for relief leaves the complaint devoid of any federal claims. Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting

1 | Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In
2 | accordance with Section 1367(c), the court declines to exercise
3 | supplemental jurisdiction over plaintiff's remaining state law
4 | claims.
5 |     Accordingly, the court HEREBY REMANDS the case, originally
6 | removed to this court by defendants on the basis of federal
7 | question jurisdiction (Notice of Removal, filed Sept. 25, 2009),
8 | to the Sacramento County Superior Court.
9 |     IT IS SO ORDERED.
10 | DATED: July 22, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3